IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ASSAD BIN ABDULLAH )<br>F/N/A GEORGE HARRIS, )<br>  )<br>Plaintiff ) | Civil No. 05-823-MO |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| MICHAEL J. ASTRUE ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MOSMAN, J.,**

Plaintiff Assad Bin Abdullah challenges the Commissioner's decision finding him not disabled and denying his application for Supplemental Security Income ("SSI"). I have jurisdiction under 42 U.S.C. §§ 405(g) and 1313(c). For the following reasons, the Commissioner's decision is AFFIRMED.

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Administrative Law Judge ("ALJ") made his decision based upon a five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (9th Cir. 1987); 20 C.F.R. § 416.920(a). Mr. Bin Abdullah challenges the ALJ's evaluation of two

PAGE 1 - OPINION AND ORDER

medical opinions and his questions to a vocational expert.

## PROCEDURAL HISTORY

Mr. Bin Abdullah first filed an SSI application in December 2000. Tr. 76-78. This application was denied. Tr. 28-29. Mr. Bin Abdullah filed a second application in September 2001. Tr. 80-82. This application was denied by the ALJ on January 30, 2004. Tr. 30-31, 608-19. Upon appeal, this court remanded the matter for further proceedings because the hearing tapes were unintelligible. Tr. 620-22. The ALJ accordingly held a second hearing and again found Mr. Bin Abdullah not disabled. Tr. 16-27, 974-1003. Mr. Bin Abdullah presently appeals that decision.

Mr. Bin Abdullah filed a third SSI application in August 2004 while the September 2001 application was under appeal. This application was successful. Tr. 664-75. The ALJ's September 2006 decision reversed this award. Tr. 16, 27.

## ANALYSIS

### I.   Physician Opinions

Mr. Bin Abdullah contends that the ALJ should have credited examining physician Dr. Davidoff's suggestion that he requires frequent breaks. Mr. Bin Abdullah also contends that the ALJ erroneously rejected the December 2004 opinion of Department of Disability Services[1] ("DDS") physician Dr. Jensen.

#### A.   Examining Physician Dr. Davidoff

The ALJ noted Dr. Davidoff's November 2004 opinion. Tr. 23-24. This opinion stated

---

[1] DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

PAGE 2 - OPINION AND ORDER

that, if on his medication, Bin Abdullah could stand and walk about six hours in an eight hour work day with breaks every 1-2 hours, and sit without restriction. Tr. 957. Dr. Davidoff indicated that the "primary limitation is his obesity and deconditioning and angio [sic]." *Id.* Dr. Davidoff also found that Mr. Bin Abdullah could lift "between 20 and 50 pounds occasionally" and "10-25 pounds frequently," with "frequent" postural limitations. *Id.*

The ALJ reiterated these limitations and wrote, "I generally agree with this assessment, as it is based on findings of examination of the claimant, and in harmony with the reports of other examining sources . . . I disagree the claimant should have breaks every one to two hours if this goes beyond normal scheduled work breaks." Tr. 24.

An ALJ need not incorporate all aspects of a physician's opinion into his findings. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Furthermore, "[t]he presence of contradictory reports does not preclude a finding that a claimant is not disabled." *Id.* at 1013. No other physician of record suggested Mr. Bin Abdullah required breaks every one to two hours, whether sitting, standing, or walking. Tr. 305-06, 317, 436, 438, 444. The medical record as a whole may constitute substantial evidence justifying rejection of an examining physician's opinion that is inconsistent with that record. *Bayliss*, 427 F.3d at 1216, *see also Edlund*, 253 F.3d at 1157. The ALJ should have articulated his reasoning, but such omission is inconsequential because Dr. Davidoff's contested limitation does not establish disability for the reason that follows. *Stout v. Barnhart*, 454 F.3d 1050, 1055 (9th Cir. 2005).

Mr. Bin Abdullah suggests that frequent breaks "could have effected the ALJ's disability determination." Pl. Reply Br. 2. Mr. Bin Abdullah's counsel questioned the vocational expert ("VE") about the ramifications of such breaks. Tr. 1001-02. The VE stated that a claimant

PAGE 3 - OPINION AND ORDER

requiring frequent breaks "would be able to do [the identified] jobs." Tr. 1002. The VE subsequently affirmed that "taking a break in the middle of the day to lie down for two hours" would not affect the claimant's ability to perform the indicated jobs, though the claimant "would not be able to maintain employment." Tr. 1002. Mr. Bin Abdullah's suggestion that Dr. Davidoff's rejected limitation now establishes disability is thus not based upon the record. Mr. Bin Abdullah furthermore does not challenge the VE's distinction between performing and maintaining the identified jobs. The ALJ's omission of Dr. Davidoff's suggestion that Mr. Bin Abdullah required frequent breaks does not change the VE's finding that he could perform work in the national economy. For this reason, any omission is inconsequential. *See Stout v. Barnhart*, 454 F.3d 1050, 1055 (9th Cir. 2005) (citing *Matthews v. Sullivan*, 10 F.3d 678, 681 (9th Cir. 1993)). The ALJ's analysis of Dr. Davidoff's opinion is affirmed.

### B. Reviewing Physician Dr. Jensen

The ALJ cited Dr. Jensen's December 2004 analysis, which suggested Mr. Bin Abdullah is limited to "light" work. Tr. 25. The ALJ concluded, "I am not giving any weight to this opinion, as it gives the claimant too much benefit of the doubt, and no treating or examining physician has made such a statement." *Id.* Mr. Bin Abdullah contends Dr. Jensen's "light" work limitation should be credited. Pl. Opening Br. 8.

The opinion of a reviewing physician alone cannot constitute substantial evidence justifying rejection of a treating or examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). Disability opinions are furthermore reserved for the Commissioner and the ALJ is not bound by state agency determinations. 20 C.F.R. §§ 416.903(d)(1), 416.927(e)(1).

The ALJ primarily rejected Dr. Jensen's "light" work assessment because it was

PAGE 4 - OPINION AND ORDER

inconsistent with Dr. Davidoff's opinion, which suggested "medium" limitations. Tr. 25. The ALJ emphasized that "no treating or examining physician has made such a statement" restricting Mr. Bin Abdullah to light work. *Id.*

This is an acceptable reason to reject a reviewing physician opinion. *Edlund*, 81 F.3d at 831. Mr. Bin Abdullah submits that Dr. Davidoff suggested light, rather than medium restrictions, and that Dr. Jensen's opinion was therefore consistent with Dr. Davidoff's opinion. This submission misconstrues Dr. Davidoff's finding, discussed above, that Mr. Bin Abdullah could perform medium work. Tr. 957. This submission is not sustained.

This court finds the ALJ's analysis based upon the record and the appropriate legal standards. His findings are affirmed.

## II.    Vocational Expert Testimony and *The Dictionary of Occupational Titles*

Mr. Bin Abdullah finally contends that the ALJ erroneously failed to ask the VE whether his testimony conflicted with *The Dictionary of Occupational Titles* ("*DOT*"). Pl. Opening Br. 9.

The ALJ directed the VE to "please" include DOT classification numbers with each job he identified. Tr. 998. The VE subsequently testified that Mr. Bin Abdullah could perform work in the national economy as a sandwich maker, hand packer, or solderer. *Id.* The VE included the *DOT* classification number for each position he cited. *Id.* This court finds such identification indicative of sufficient compatibility with *DOT* standards. *See Massachi v. Astrue*, 486 F.3d 1153-54 (9th Cir. 2007).

## CONCLUSION

The Commissioner's decision that Mr. Bin Abdullah did not suffer from disability and is not entitled to benefits under Titles II and XVI of the Social Security Act is based upon correct

legal standards and supported by substantial evidence. The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

Dated this  26th  day of September, 2007.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

PAGE 6 - OPINION AND ORDER